## HENRY J. GUNTHER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 24, 1891.*

1. RECEIVING STOLEN.PROPERTY—*guilt proven by circumstances.* The evidence to show that a party charged with having received stolen property knowing it to be stolen, received the same from the person who stole it, need not be direct, but such fact may be proved by circumstances.

2. In this case the facts and circumstances shown by the evidence are given, which are held sufficient to justify the conviction of the defendant for the crime of receiving a stolen watch knowing at the time that it was stolen.

3. POSSESSION OF STOLEN PROPERTY—*presumption arising from.* The possession of property recently stolen, not satisfactorily explained, is presumptive evidence that the possessor himself stole the same; but if he declares that he received such property from another person whose name is unknown, this may be taken as sufficient evidence that he received it from the thief, rather than that he stole it himself.

4. SAME—*false statements in explanation of—presumption from.* Where a party indicted for receiving stolen property knowing it to have been stolen, makes false statements in attempting to explain his possession or how he got the property, the presumption will be that he could not truthfully make such explanation without inculpating himself.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. A. L. FLANINGHAM, for the plaintiff in error:

The receiver of stolen goods is treated as an accessory after the fact, and is punished because he has aided the thief in disposing of his plunder.    4 Cooley's Blackstone's Com. 38, 132; *Commonwealth* v. *White*, 123 Mass. 430; 108 id. 466; Wharton on Crim. Law, (9th ed.) sec. 990 a; 2 Bishop on Crim. Law, sec. 1140; *United States* v. *DeBare*, 6 Biss. 358; *Regina* v. *Schmidt*, 10 Cox Cr. L. 172; 2 Russell on Crim. Law,

(9th ed.) 554; *Kaufman* v. *State*, 49 Ind. 248; *Owen* v. *State*, 52 id. 379; *Foster* v. *State*, 106 id. 272.

The thief, although he may have been unknown to the grand jury, must in some manner be identified or singled out at the trial. Wharton on Crim. Evidence, sec. 97; *Foster* v. *State*, 106 Ind. 272; *State* v. *Trice*, 83 N. C. 627.

To sustain the charge of having received stolen goods, it must be proven that the goods were received either directly or indirectly from the thief having them in charge. 2 Bishop on Crim. Law, sec. 1140; Wharton on Crim. Law, sec. 1893; *Kaufman* v. *State*, 49 Ind. 248; *Owen* v. *State*, 52 id. 379; *Foster* v. *State*, 106 id. 272.

Stolen goods being found in possession of a defendant is not enough, of itself, to convict him of being a guilty receiver, provided he give an explanation as to how he became possessed of the goods, which leaves a reasonable doubt of his guilt, nor does it cast the burden on defendant of proving that he came by the goods honestly. If his explanation raises a doubt as to his guilt, he should be acquitted. *Conkright* v. *People*, 35 Ill. 204.

His explanation may fall short of a satisfactory explanation, and yet be sufficient to acquit. If it creates a reasonable doubt it rebuts the presumption of guilt. *Hoge* v. *People*, 117 Ill. 35.

This court will reverse the judgment of the court below in a criminal case of felony, where the evidence is all circumstantial and of an unsatisfactory nature, and when, all considered, leaves a reasonable doubt as to the guilt of the defendant. *Mooney* v. *People*, 111 Ill. 388.

While the jury are judges of the facts, yet the law has imposed upon the court the solemn and responsible duty to see that no injustice has been done defendant by hasty action, passion or prejudice, or from any other cause, on the part of the jury. *Mooney* v. *People*, 111 Ill. 388.

Where the evidence leaves a reasonable doubt on the mind as to whether a defendant is guilty of the technical crime of which he is charged, although his conduct may show but little less turpitude than the crime itself, he should not be convicted. *Stuart* v. *People,* 73 Ill. 20; *Smith* v. *People,* 74 id. 144; *Williams* v. *People,* 101 id. 382.

In order to convict on circumstantial evidence, it must be such as to produce moral certainty, to the exclusion of every reasonable doubt. *Otmer* v. *People,* 76 Ill. 149.

Mr. GEORGE HUNT, Attorney General, for the People:

The cases cited by plaintiff in error fail to establish the point that the law relating to receiving stolen goods only applies to one who is accessory after the fact.

The cases holding that the stolen property must be received from the thief are based upon a statute different from ours. On this point see Wharton on Crim. Law, sec. 990; *Williams* v. *People,* 101 Ill. 382; *Andrews* v. *People,* 117 id. 195; *Isaacs* v. *People,* 118 id. 538.

The evidence is sufficient to justify the conviction.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted in the court below of receiving a lady's gold watch of Mary Walter, which had been stolen from her, knowing at the time that it had been stolen.

Mary Walter testified that her house in Chicago, Cook county, was entered by burglars on the night of the 14th of November, 1889, who stole therefrom her lady's gold watch, of the value of $45, her bracelets, and some other articles of property. She reported the burglary to John O'Malley, a policeman, and gave him the numbers of the works and of the case of her watch, which she had, before the watch was stolen, written on a piece of paper, the former being 2,375,982, and the latter 443,818. O'Malley testified that he and officer Tierney thereafter called upon the plaintiff in error and had

a conversation with him, in which he admitted having sold five watches to one Gordon, among others one bearing the same numbers as those of the watch of Mary Walter, and in this he is corroborated by Tierney, who testified that "he did remember that defendant (plaintiff in error) said that he had had the said watches."

In view of the extreme improbability that two watches could be found with the cases and works, respectively, bearing these precise numbers, we think the jury were warranted in concluding that plaintiff in error had been in possession of the watch of Mary Walter after it was stolen. The question then is, does the evidence show that his possession was with knowledge that the watch had been stolen. This is what O'Malley testified that he said to him in that respect: "I and officer Tierney called on defendant, Gunther, and had a conversation with him, in which he admitted having sold five watches to one Gordon, among others one bearing the same numbers as the Walter watch and four others bearing the numbers referred to above, and that Gordon had had trouble with one of the watches, and complained that they were stolen, and that he had to give one up to David Korsbok, who claimed it was his; and he (Gunther) thereupon took the other watches back from Gordon, and gave Gordon his money back, ($115), and that he (Gunther) had returned the watches to the party of whom he bought them, and got his money back." Witness said, that defendant said he did not know the name of the party of whom he got the watches, but that it was a fellow whose name he could not give, as he did not know it, who could be found in the evening about the corner of Madison and Halsted streets, and that he would try and find him and produce him, but he never did so, although witness went several times to see defendant, and the next he heard of him he had left for Canada.

Plaintiff in error testified in his own behalf, and contradicted O'Malley; but the jury were not obliged to believe his testimony any further than, in view of all the evidence in the case,

34—139 ILL.

they found it to be true.   He said he was in business for nine-
years at 161 West Madison street, in the city of Chicago, as a
repairer of watches ; that he had a conversation with O'Malley
about the watches sold to Gordon, and said he told O'Malley
that he bought four of the watches sold to Gordon of a man
by the name of Harris,—a traveling man,—whose address he
did not know ; that the other watch,—the one given up by
Gordon to Korsbok, who claimed it as his,—he bought of a
man by the name of Hanks, or, rather, traded a diamond pin-
for it, and that Hanks could be found about the corner of
Madison and Halsted streets in the evening ; that he paid
Harris $90 for the four watches, and that he did not remem-
ber anything about the watches except they were gold watches,
and that he paid Harris $90 for them.   On cross-examination
witness said, that the next day after he had been arrested on.
the charge of receiving stolen property he had left the city
(having given bail for his appearance) and gone to Canada,
but said that he returned of his own free will in February last,
and had remained in Chicago and Milwaukee since then, until
he surrendered himself to the sheriff of Cook county.   He de-
nied that he knew the watches, or either of them, were stolen
at the time he bought them.   He did not know now that any
of them were stolen watches except one that had been given,
up by Gordon to Korsbok, who claimed to be the owner of it.
He supposed now that watch had been stolen, but he did not
know that at the time he bought it.   Witness was asked by
the prosecuting attorney to explain why it was that he had
returned the four watches to Harris when he had not had any
trouble about any of them, and none about any one except the
one bought of Hanks.   His answer was, that having trouble
about the one watch,—the Hanks watch,—and having to lose-
what he paid for it, he did not want to have anything more to
do with the watches.   He took them back from Gordon and
gave Gordon his money back, $115,—that is, took four of them
back.   One had been given up by Gordon to Korsbok.   These-

four he returned to Harris when he saw him, and received back what he had paid for them,—$90. He was then contradicted by David Korsbok, who being called in rebuttal by the State, testified that he had a conversation with defendant about the watches, and that defendant told him that he had bought the one watch,—that is, Korsbok's watch,—of a man by some queer name, (witness did not remember what,) and that defendant said that he had bought the other watches of different parties with whom he had frequent dealings before, but that the name was neither Hanks nor Harris, although the witness can not remember what it was.

The jury were clearly justified in believing that if plaintiff in error had bought the watches of Harris, as he testified, then he would have so said to O'Malley and Korsbok, and the jury were under no duty to believe his testimony and disbelieve theirs. If plaintiff in error spoke falsely in explaining where he got the watches, the presumption is that he could not truthfully make such explanation without inculpating himself.

But counsel insist that the evidence fails to show that plaintiff in error received the watch from the one who stole it. But it is not indispensable that such evidence shall be direct. That fact may be proved by circumstances. The presumption against the plaintiff in error by reason of the possession of property recently stolen, not satisfactorily explained, is, that he himself stole the property; but his declaration that he received it from another may be taken as against him and in support of the indictment as sufficient evidence that he received it from the thief, rather than that he stole it himself. 3 Archbold's Crim. Pl. and Pr. (Waterman's notes,) 477, note; also, id. 479.

The judgment is affirmed.

*Judgment affirmed.*