(No. 24174.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES KELLEY, Plaintiff in Error.

*Opinion filed October 15, 1937—Rehearing denied Dec. 9, 1937.*

BENJAMIN C. BACHRACH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

James Kelley sued out this writ of error to review a jury verdict and a judgment of the criminal court of Cook county, wherein he was sentenced to the penitentiary for a term of one year to life on a charge of robbery, while armed. Reversal is sought solely on evidential grounds.

The complaining witness, Costello, employed in Chicago, received his pay check for $27.50 on the afternoon of February 11, 1937. He cashed this check after he bought a drink and a meal at a tavern near his place of employment. At about 5:30 P. M., he boarded a street car and rode to Sixty-first and State streets, arriving there a little after 7:00. While waiting for another street car, he went into a corner tavern where he had two glasses of beer. He testified that he had $26 when he left this tavern and that two men accosted him as he turned the corner; that one man put a gun to his side as he walked to the curb-stone and said: "Walk with us, boy," and that the other man walked alongside of him, holding a gun to his side until they reached a vacant lot. Costello said one of the men, whom he identified as Kelley, then searched him and took seventy-five cents out of his jacket pocket; that Kelley then said: "Have you got any more money?" and punched him on the shoulder while the other man stood back of him. Costello noticed Kelley as he walked beside him before entering the vacant lot, and saw that he was a colored man; he also took a good look at him while being searched. When this first search produced almost nothing, Costello was taken down an alley through another vacant lot and into a dilapidated shack near Sixtieth street, which he later learned was Kelley's home at 6007 Grove avenue. Once

inside, Kelley again searched Costello, by lamp-light, and took five $5 bills from his back pocket. When released, Costello went to the Englewood police station and two police officers returned with him in a squad car and knocked at the door of the shack, but no one answered. On another trip to the shack that night, the door was opened but no one was found inside. The next morning, two police officers found the shack occupied by ·a colored woman named Lulu Brooks and a man named Johnson. They later found Kelley in the shack and brought him in. When Costello saw Kelley he said: "That is him." Kelley retorted: "You would not send a man to make him suffer, would you?" and Costello answered: "You did not think of that last night when you took my money." Johnson was not identified as the other man in the holdup as Costello said he did not get a good look at him, but he was positive in his identification of Kelley.

Kelley denied that he had taken any part in the holdup, although he admitted being at his home that evening and seeing Costello on the premises. He said that when he arrived home on the night in question he saw Costello in the alley talking to a colored woman; that he then went to the corner for cigarettes and upon his return ten minutes later, he found Costello in his house, drunk and staggering, and told him he was drunk and "had better try and find his way home."

Costello's identification of Kelley was positive and definite. In the vacant lot Kelley was opposite Costello, and the lamp-light in the shack was sufficient to enable Costello to see Kelley's features as he stood before him. A positive identification by one witness that a defendant perpetrated a crime may be sufficient to sustain a conviction. (*People* v. *Fortino*, 356 Ill. 415; *People* v. *LeMar*, 358 id. 58.) We have held, in such cases as this, that the question of identification is one for the jury to determine. (*People* v. *Manfucci*, 359 Ill. 69.) When no prejudicial error of law appears in the record, this court will not disturb a judgment

of conviction where it does not appear that the verdict is palpably contrary to the weight of the evidence or that the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People* v. *Hicks,* 362 Ill. 238.

A review of the evidence fails to raise any such doubt as would warrant us in disturbing the jury verdict. The judgment of the criminal court of Cook county is, therefore, affirmed.

*Judgment affirmed.*