(No. 27332.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN FERRIS, Plaintiff in Error.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 13, 1944.*

PRESCOTT, BURROUGHS & TAYLOR, (PATRICK B. PRESCOTT, JR., and EUCLID LOUIS TAYLOR, of counsel,) all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN R. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The grand jury of Cook county returned an indictment against the plaintiff in error, together with five other men and Bertha Ferris, consisting of three counts. The first two counts charged the defendants with the crime of burglary, and in the third count they were charged with receiving stolen property. Plaintiff in error was found guilty and sentenced to the penitentiary for an indeterminate term of from one to ten years. He prosecutes a writ of error to this court.

The facts show that on the first day of April, 1942, a group of boys staged a robbery at 219 East Forty-third street at a clothing store belonging to one Joe Weissman. His place of business adjoined the Indiana Theatre, and on the night in question four of the defendants, not including the plaintiff in error, bound the employees of the theatre and then took an axe and cut through the partition wall of the theatre into the store of the complaining witness. They practically cleaned out the store, taking a

variety of articles to be found in a clothing store. The merchandise included shirts, suits, jackets and a number of bolts of goods. The value of the property was fixed at $500. At about three o'clock in the morning the stolen goods were taken to the residence of the plaintiff in error, John Ferris, who resided on the second floor at 320 East Forty-eighth street. After said defendants arrived at the residence of the plaintiff in error, Ferris, the latter called up another defendant, Clarence Jolivet, to come over to his apartment. Neither Jolivet nor Ferris had anything to do with the robbery. Jolivet came over and Ferris let him in. The defendants who brought in the stolen merchandise offered to sell the lot to Jolivet and Ferris for the sum of $150. Jolivet offered $80 and when the boys accepted the offer, Jolivet called Ferris out into another room and Ferris gave $40 toward the purchase price of the stolen goods, but plaintiff in error claims that he merely loaned the money to Jolivet. Jolivet testified that he and Ferris went on equal shares in purchasing the merchandise. The $80 was paid to the four other defendants, who split the money four ways and received $20 each, and the goods were left in the apartment of the plaintiff in error. The burglary was reported to the police by the complaining witness, Weissman, and within a short period of time all of the defendants were arrested and later indicted by the grand jury. The stolen property was positively identified by Joe Weissman, the owner thereof, who also fixed the value at $500.

The plaintiff in error was represented by a lawyer, and after the arraignment, a jury trial was waived by all of the defendants and the case tried before Judge Harold G. Ward in the criminal court of Cook county. One of the burglars had been killed prior to the return of the indictment and the remaining defendants who participated in the robbery were found guilty on the first two counts of the indictment. The defendant Jolivet and the plaintiff in

error, Ferris, were found guilty of receiving stolen goods and were sentenced for that offense. Bertha Ferris was found to be not guilty.

It is contended by the plaintiff in error that he did not have counsel who protected his basic rights on the trial, and was therefore denied his constitutional right to defend in person and by counsel. The record discloses that plaintiff in error chose his own counsel, and there was nothing to indicate that his counsel was not competent to act as counsel and defend plaintiff in error. After the plaintiff in error was found guilty by the court, new counsel appeared in the case and made a number of motions which included a motion to vacate the sentence. This motion was allowed for the purpose of preparing a record for review and making other motions which would give the defendant ample time, under the statute, to prepare his case for review in the Supreme Court. Such motions included a motion for a new trial and a motion in arrest of judgment, both of which were denied and overruled. The judgment of the court was on a finding that the defendant was guilty of receiving property of the value of $500, knowing the same to have been stolen.

The plaintiff in error asserts in his brief that the State's Attorney said, somewhere during the trial, he would not oppose probation, but there is nothing in the record at any point to show that there had been any promise of probation made on the part of the State. We cannot find from the record that the plaintiff in error was denied a full opportunity to present, through his counsel, any defense that he may have had to the charge of receiving stolen property, and there is nothing to show that the counsel for defendant was unfamiliar with the rules of evidence or incapable of comprehending the rules of criminal procedure.

It was further contended by the defendant that the conduct of the prosecuting attorney was improper under the circumstances and prejudicial of the defendant's rights.

An examination of the record in this case does not show any misconduct of any kind on the part of the State's Attorney or his assistant. The record does not show that the plaintiff in error was foreclosed of any rights whatsoever, and the case was conducted by the State's Attorney in an orderly and lawyer-like manner.

The plaintiff in error also claims that the evidence in the case falls far short of proving him guilty beyond a reasonable doubt, but a brief review of the facts stated in this opinion demonstrates that the testimony was sufficient to support the finding of guilty by the trial court. The fact that the plaintiff in error, Ferris, at three o'clock in the morning, admitted the four robbers to his home with a great variety of merchandise; the fact that he called Jolivet to come over to his apartment and was present when Jolivet offered the boys $80 for the stolen goods; and the fact that Ferris furnished part of the purchase price, together with the testimony of Jolivet that Ferris went with him on equal shares on the purchase of the goods is sufficient to warrant the finding of guilty on the part of the court.

We said in *People* v. *Grizzle,* 381 Ill. 278, that in order to sustain a conviction for receiving stolen property, knowing the same to have been stolen, three elements of the offense, *viz.,* that the property must be identified as stolen property; that the person charged must be shown to have received the property or aided in concealing it, knowing that it was stolen; and that he received it for his own gain or to prevent the owner from again possessing it, must be established beyond a reasonable doubt. Proof of these elements constituting the crime, however, may be by circumstantial evidence.

The charge of receiving stolen property is often shown by circumstances which clearly indicate the guilt of the defendant. This court has many times held that proof of receiving stolen property may be shown by circum-

stances and that knowing that the property has been stolen may be inferred where a defendant has bought the goods at a far less price than the actual value of such property. *People* v. *Grove*, 284 Ill. 429; *Gunther* v. *People*, 139 Ill. 526; *People* v. *Lanie*, 378 Ill. 320.

The contention of the plaintiff in error that he cannot be proved guilty by the uncorroborated testimony of an accomplice does not apply to the facts in this case. The testimony of the four robbers and of Jolivet, together with the circumstances hereinabove related, all corroborate the testimony of the alleged accomplice. We believe the three elements above stated have all been proved beyond all reasonable doubt in this case.

There is no denial on the part of any of the witnesses as to the facts proved by the State, except the testimony of the plaintiff in error. The trial court had the opportunity of seeing and hearing the witnesses and its finding and judgment should not be reversed unless there is some apparent reason therefor. *People* v. *Perri*, 381 Ill. 244.

We are satisfied that the plaintiff in error had a fair trial and that there is sufficient evidence to sustain the finding and judgment of the court beyond all reasonable doubt. The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*