(No. 31741.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAURICE ALLEN, Plaintiff in Error.

*Opinion filed November 27, 1950.*

RICHARD H. DEVINE, and JOHN A. McINTYRE, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JOHN V. SCHAFFENEGGER, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Maurice Allen, was tried before a jury in the criminal court of Cook County and convicted of the crime of receiving stolen property. He has sued out a writ of error to review the record of his conviction.

On the night of September 22, 1948, Arthur Philbrick parked his automobile on the street near his home at 806 Ashland Avenue, in the city of Chicago. At seven o'clock the next morning the car was gone from the place where

it had been parked the previous night. The theft was immediately reported to the Marquette Police Station. The automobile was a new Mercury which had been recently purchased for the sum of $3150. The owner testified that he next saw his automobile about four months later in the auto pound after it had been recovered by the police. At that time the car had been stripped, and the motor, tires, radio, and upholstery had been removed.

Plaintiff in error urges three grounds for reversal of his judgment of conviction: (1) The court erred in overruling his motion to suppress evidence concerning the finding of the automobile by police officers in a private garage which had been rented by plaintiff in error; (2) the State failed to prove beyond a reasonable doubt that the automobile had been stolen by a person other than plaintiff in error, and (3) the court made prejudicial remarks in the presence of the jury, during the course of the closing arguments being made by counsel for plaintiff in error.

Plaintiff in error's first contention is based on the fact that officers entered the private garage in which the Mercury automobile was situated, without first obtaining a search warrant. It is contended that this is an unreasonable search of a private building contrary to the guarantees of the State and Federal constitutions. The evidence discloses that plaintiff in error was engaged in doing business, with other parties, under the firm name of A & B Auto Sales, at 1317 South Oakley Avenue, in the city of Chicago. About three months prior to the time the automobile in question was stolen plaintiff in error rented a garage at 1310 South Talman Street, from one Richard Williams. This garage was large enough to accommodate two automobiles and was situated in the rear of a small apartment building owned by Williams.

Plaintiff in error told the police officers that he rented this garage and used it to store parts and accessories in connection with the A & B Auto Sales business which was

in the same neighborhood. The A & B Auto Sales was licensed by the State of Illinois to deal in used cars. The Uniform Motor Vehicle Anti-Theft Act (Ill. Rev. Stat. 1949, chap. 95½, sec. 12, par. 85,) provides that any person engaged in the business of buying, selling, and dealing in used motor vehicles or parts or accessories shall require a license. Section 14 (par. 87) of the same act provides that such a licensee, as a condition of his license, shall be deemed to have granted authority to any peace officer to examine such records, any motor vehicles, or parts or accessories at his place of business at any reasonable time during the day or night. .

The trial court held a preliminary hearing, out of the presence of the jury, to ascertain the facts and circumstances surrounding the search of the garage in question by police officers. The evidence taken at this hearing reveals that the officers entered the garage with the permission of Williams, the owner, who accompanied them into the building. Plaintiff in error testified that two other persons, besides himself, had access to the rented garage by the use of a second key. He denied having anything to do with the Mercury car. The used-car license for the A & B Auto Sales for the year 1948 was received in evidence. The constitutional prohibition against searches and seizures does not extend to all searches and seizures but is intended only as a guard and shield against unreasonable ones. The purpose of the provisions of the Uniform Motor Vehicle Anti-Theft Act was to facilitate the discovery and prevention of thefts of automobiles. Examination of the premises occupied by plaintiff in error in the business for which a license had been issued was not an unreasonable search. (*People v. Levy,* 370 Ill. 82.) The court did not err in overruling plaintiff in error's motion to suppress evidence.

The next assignment of error is that the State failed to prove beyond all reasonable doubt that the automobile in question was stolen by some person other than plaintiff in

error. To sustain a conviction of receiving stolen property the proof must show (1) that the property has, in fact, been stolen by a person other than the one charged with receiving it; (2) that the one charged with receiving it has actually received the property stolen or aided in concealing it; (3) that the receiver knew the property was stolen at the time he received it and (4) that he received the property for his own gain or to prevent the owner from possessing it. (*People* v. *Piszczek,* 404 Ill. 465.) Proof of these essential elements constituting the crime of receiving stolen property may be made by circumstantial evidence. *People* v. *Ferris,* 385 Ill. 186.

The theft of the car is not disputed. However, the evidence does not disclose the identity of the thief. In a prosecution for receiving stolen property it is not necessary to allege or prove the name of the thief. (*People* v. *Israel,* 269 Ill. 284.) The testimony of police officer Michael Shannon is to the effect that plaintiff in error told him that when he first saw the Mercury car in the garage it was in good condition, but that the third time he saw it the car had been dismantled and parts were lying all around the garage. This officer further testified that plaintiff in error told him that he knew the car was stolen; that he and an associate removed the motor from the car, took it to their used-car lot on Oakley Avenue and later installed it in another Mercury automobile. Plaintiff in error indicated to the officer that his first impulse when he found the car in the garage was to notify police, but that he then thought he could get rid of it in some other way. The jury was warranted in finding from this evidence not only that plaintiff in error knew the car had been stolen, but that he saw the car for the first time after the theft had been accomplished. The weight of the evidence was for the jury to determine and unless the verdict is palpably contrary to the evidence, the verdict and judgment will not be

disturbed by this court. *People* v. *Levy,* 370 Ill. 82; *People* v. *Kelley,* 367 Ill. 318.

The final error urged by plaintiff in error is directed towards certain remarks made by the presiding judge, in the presence of the jury, while counsel for the defendant was making his closing argument. The remarks were in reference to the law. Regardless of any controversy in this respect we find the court did advise the jury it was its duty to follow the law as given to it by the court in the written instructions. Further, the sixth given instruction specifically advised the jury that before plaintiff in error could be convicted of receiving a stolen automobile the evidence must show beyond a reasonable doubt that the automobile in question had, in fact, been stolen by some other person. These instructions contained a correct statement of the law applicable to the facts in the case. The jury could hardly have been misled or confused after reading them.

The remarks of the court concerning the law related to a subject beyond the province of the jury to determine. They were followed almost immediately by written instructions correctly stating the law. There was no evidence directly tending to connect plaintiff in error with the actual theft of the automobile. On the other hand, circumstances in evidence, taken with the acts and declarations of plaintiff in error, were sufficient to prove beyond a reasonable doubt all material elements of the receiving of stolen property, the crime for which plaintiff in error was then on trial. The colloquy between the court and counsel did not violate the rule that the court must be impartial in the trial of a case. *People* v. *Matthews,* 359 Ill. 171.

There is no reversible error in the record and the judgment of the criminal court is affirmed.

*Judgment affirmed.*