(No. 33465.—

RUBY CHEVROLET, INC., Appellant, *vs.* THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed May 20, 1955.*

MICHAEL M. PHILLIPS, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County rendered against a taxpayer, Ruby Chevrolet, Inc., in an administrative review action to review a deficiency assessment for retailers' occupation tax. The final assessment involved only the tax on the sale of reconditioned trade-in automobiles sold to other dealers for resale.

The taxpayer now urges in this court that the Department of Revenue failed to make out a *prima facie* case in the original hearing; that findings of fact of the hearing officer were not amply supported by evidence in the record, and that the Department rule relating to "traded-in" property is invalid. A review of the record in this case reveals that the first two points are of little merit and we shall concern ourselves with a discussion of the third point urged, which appears to be the principal issue before us.

Article III, subparagraph C, of the Department of Revenue Rules and Regulations in effect from July 1, 1948, through February 28, 1951, (the period covered by said assessment,) in provisions pertinent to the present issue, was as follows: "In addition to including cash receipts in the return for the month in which such receipts are received, every taxpayer shall determine the value of any consideration other than money received by him during the month for which such return is made and shall include such value in the return. If the value of any property which is taken in trade as the consideration, or as part of the consideration, for a sale cannot be accurately determined at the time when it is received, the seller may postpone making a return of such value until the traded-in property is sold. When a person sells property which he acquired in trade as the consideration for a retail sale, or as a part of such consideration, the receipts, as such, from the sale of the traded-in property are not subject to the tax, regardless of the character of such sale. However,

the gross receipts from the sale of such traded-in property shall be considered to be a determination of its value as of the time when it was acquired in trade. Where it is sold for cash, the tax must be paid with respect to such receipts for the month in which received, which thereby completes payment of the tax liability incurred on the receipts of the sale in connection with which the traded-in property was received as consideration. Tax must be paid on the full amount of the receipts from the sale of such traded-in property if determination of its value was postponed at the time when such traded-in property was acquired; but if its value was included as part of the consideration for the original sale, and if tax upon such assigned value was paid at that time, then only such portion of the receipts from the sale of the traded-in property is subject to the tax as is in excess of the value assigned at the time when it was acquired in trade. This principle likewise applies to successive trade-ins. If the consideration received upon the sale of an article of traded-in property is in part cash and in part another article of traded-in property, then only the cash received from such sale shall be reported, and the tax shall be paid thereon as part payment of the tax liability incurred on the receipts from the original sale. This process should be continued until the last article of traded-in property in the series shall be sold for cash. Tax shall be paid on such final cash receipts for the month in which received, which remittance completes the payment of the tax liability incurred at the time of the original sale. If a person uses and does not resell property which he has acquired, in trade for other property in a transaction where the tax applies, tax must be paid with respect to the value of the property so used for the month in which it is converted to use, either in full or to the extent to which such value exceeds the value which was assigned to the property and reported and paid upon for the month in which it was acquired. Whenever the seller is required, as stated herein, to pay Retailers' Occu-

pation Tax measured by his receipts from the sale of traded-in property, he is required to pay such tax regardless of the character of the sale of the traded-in property (*i.e.*, regardless of whether such sale is at retail in Illinois, or in interstate commerce or for resale). This is true because the sale of such traded-in property merely determines the extent of the seller's unpaid liability as to his receipts from the sale in which he acquired such property in trade."

Section 1 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1953, chap. 120, par. 440) among the definitions of terms, provides that " 'Selling price' or the 'amount of sale' means the consideration for a sale valued in money whether received in money or otherwise, including cash, credits, services and property of every kind or nature and shall be determined, without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or any other expense whatsoever."

Section 3 of the act (par. 442) among other things provides that on or before the fifteenth day of each calendar month, every person engaged in the business of selling tangible personal property at retail in this State during the preceding calendar month shall file a return with the Department giving information concerning his business, sales, receipts, etc. In his return the seller shall determine the value of any consideration other than money received by him in connection with the sale of any tangible personal property in the course of his business and he shall include such value in his return. Such determination shall be subject to review and revision by the Department in the manner provided for the correction of returns. The person filing the return provided for shall, at the time of filing such return, pay to the Department the amount of tax imposed by the statute.

Both the Department and the taxpayer here agree that the taxpayer had elected, in accordance with the Depart-

ment regulation, to defer payment of that portion of the tax on the consideration represented by trade-in automobiles. The Department insists that when such trade-ins are sold by the taxpayer to other dealers for resale the full sales price is the proper tax base. Both the Department and the taxpayer also agree that under ordinary circumstances sales for resale are not taxable under the act. It is also clear from the record of this case that the taxpayer expends large amounts of money to recondition the used trade-in automobiles, by repairing, replacing various parts, repainting, etc.

It appears to be a clear contravention of the spirit and letter of the act to tax that portion of the resale price which represents the enhancement of value due to the reconditioning of the car. The clear import of the aforesaid Department rule permitting deferrment of payment of the tax when a portion of the sales price is represented by a trade-in automobile compels the conclusion that it is in clear contravention of the specific wording of the statute. A statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder. *Illinois Bell Telephone Co.* v. *Commerce Com.* 414 Ill. 275; *Mallen Co.* v. *Dept. of Finance,* 372 Ill. 598; 42 Am. Jur., 428.

Section 3 of the act clearly provides that the seller shall determine the value of such trade-ins and include same in his return. The tax must be paid on such basis and this determination is subject to review of the Department. In fairness to both the taxpayer and the State, in view of the proceedings at the original hearing, further evidence is required for a proper determination of the value of such trade-ins when taken by the taxpayer.

The judgment is therefore reversed and the cause remanded to the circuit court of Cook County, with directions to proceed in accordance with the provisions of the

152

Administrative Review Act for the purpose of reversing and remanding the final assessment order of the Department and ordering further hearings and proceedings for the purpose of taking further proofs in accordance with this opinion.

*Reversed and remanded, with directions.*