(No. 33478.—)
MAURICE ALLEN, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed November 30, 1955—Rehearing denied Jan. 16, 1956.*

MAURICE ALLEN, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Maurice Allen filed in the criminal court of Cook County a petition in the nature of a writ of error *coram nobis*, seeking to set aside a conviction for the crime of receiving stolen property. The petition was dismissed on motion of the State's Attorney, and Allen appeals.

Appellant's conviction was reviewed by this court on writ of error in *People* v. *Allen*, 407 Ill. 596; cert. denied, 341 U.S. 922. Thereafter he sought relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1953, chap. 38, pars. 826 *et seq.*) His petition under that act was dismissed by the criminal court of Cook County, and an application for writ of error to review the judgment was dismissed by this court. Post-Conviction No. 1772.

Many of the facts alleged in the present petition appear in our opinion in *People* v. *Allen*, 407 Ill. 596, and it is unnecessary to repeat them in detail here. The evidence at the trial showed that a stolen automobile was discovered when police officers, without first obtaining a search warrant, entered a garage rented by appellant. Prior to the trial appellant had moved to suppress the evidence, and a preliminary hearing was held out of the presence of the jury, to ascertain the circumstances surrounding the search of the garage by police officers. The court found that the garage was used to store parts and accessories in connection with the A & B Auto Sales, a used car business, operated by appellant and others, for which a State license had been issued; that section 14 of the Uniform Motor Vehicle Anti-Theft Act provides that the licensee, as a condition of his license, shall be deemed to have granted authority to any peace officer to examine records and motor vehicles at his place of business at any reasonable time; and that under such circumstances entry of the garage was not an unreasonable search within the meaning of the constitutional guaranty. We held, in *People* v. *Allen*, 407 Ill. 596,

that the court did not err in overruling the motion to suppress evidence.

In the present petition appellant alleges that although he was present at the beginning of the hearing on the motion to suppress, it was continued from time to time and he received no notice of the resumed hearing; that as a result he was absent when the State presented evidence to show he was engaged in a licensed business at the time the officers entered the garage; that had he been present he would have shown to the court the garage was not part of a licensed business and the search was therefore illegal; that witnesses for the prosecution gave perjured testimony with knowledge of the prosecutors; that on advice of his counsel he did not testify at the trial, and hence remained in ignorance of the matters brought out at the hearing on the motion to suppress until after the case had been appealed, when he read a copy of the abstract of record and learned of the "fraud" used to obtain his conviction; and that his counsel was not aware of the true facts because he had only a brief conference with appellant several months prior to the hearing. It is further asserted that the statute, (Ill. Rev. Stat. 1949, chap. 95½, par. 87,) declaring the licensee shall be deemed to have granted authority for examination of motor vehicles at his place of business, is arbitrary and unconstitutional.

In passing upon appellant's contentions we believe that it is important to note at the outset that he was represented at his original trial by counsel of his own choice. In his brief in this court, appellant states that this attorney "is a well-known criminal lawyer" and also states that said attorney "is well versed in criminal law and is well aware of the concepts of constitutional guarantees." The hearing in question took place at a time when appellant was free on bail and his absence from the hearing was apparently occasioned by the fact that his own attorney did not notify him of said hearing. Such being the fact, appellant cannot now

claim that the mere fact that he was not present at the hearing is a sufficient basis for any relief by way of a writ of error *coram nobis*. This, however, does not dispose of the case, for appellant alleged fraud and perjury on the part of the State. In order to determine whether these charges warranted any relief in the present action, it is necessary to consider to what extent these charges were raised or could have been raised in either the original trial or upon appellant's writ of error from his original conviction. Appellant's principal contention is that false and fraudulent evidence was introduced to show that the garage in question was a part of a licensed business and that had he been present he could have brought such fraud and perjury to the attention of the trial court. In his petition for a writ of error *coram nobis* in the trial court, it is stated, or at least implied, that this question was never raised at the original trial because petitioner's counsel was unaware of the true facts.

However, in his brief in this court appellant sets forth a portion of the testimony at the original trial in which appellant's attorney argued to the court that the garage which was searched was not a part of a licensed business. We find, therefore, that this question was considered by the trial court at the original trial and ruled upon adversely to appellant. The fact that appellant might have been able to produce other evidence to overcome this finding had he been present is not sufficient to justify any relief in the present proceedings. The question was raised at the original trial at which appellant was represented by able and competent counsel and if additional evidence was to be produced, it should have been produced at that time. Insofar as the charge of perjured testimony is concerned, we note that appellant in his brief in this court states that he did hear perjured testimony during the course of the original trial which he brought to the attention of his

counsel who did nothing about it. Upon the advice of his own attorney, petitioner did not take the stand to deny such testimony or to introduce any evidence to overcome the same. Having elected, upon the advice of his attorney, to remain silent at the original trial, he cannot now, following his conviction, claim that he has additional evidence which will demonstrate the falsity of the State's testimony at the original trial. Both the question of the sufficiency of the evidence to justify the search and seizure and the falsity of the State's testimony on that question were raised at the original trial and could have been raised on appellant's writ of error. We, therefore, hold that our judgment on the said writ of error is *res judicata* of those questions. Likewise, the present contention that the statute in question is unconstitutional could clearly have been raised upon such writ of error, and our determination on that question is likewise *res judicata.*

The judgment of the criminal court of Cook County dismissing the petition for writ of error *coram nobis* is affirmed.

*Judgment affirmed.*