(No. 51179.-

NORTHERN ILLINOIS AUTOMOBILE WRECKERS AND REBUILDERS ASSOCIATION *et al.,* Appellees, v. ALAN J. DIXON, Secretary of State, Appellant.

*Opinion filed Jan. 26, 1979.—Rehearing denied March 30, 1979.*

54

CLARK, J., took no part.

William J. Scott, Attorney General, of Springfield (Paul J. Bargiel, Patricia Rosen, and Karen Konieczny, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell, Michael A. Braun, Michael J. Kralovec, and Edward M. Genson, of counsel), for appellees.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendant has brought this direct appeal under Supreme Court Rule 302(b) (58 Ill. 2d R. 302(b)) from an order of the circuit court of Cook County. The order declared the Secretary of State's Administrative Rule 5—401A unconstitutional and void, and enjoined its

enforcement.

Plaintiffs are a trade association composed of business entities which are required to be licensed under section 5—301 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1977, ch. 95½, par. 5—301) and a corporation so licensed. Defendant, the Secretary of State, is empowered under section 2—101 of the Code (Ill. Rev. Stat. 1977, ch. 95½, par. 2—101) to administer chapters 2 through 9 of the Code, and, as administrator, promulgated Rule 5—401A in August 1978. The rule requires those licensed under section 5—301 of the Code, including used parts dealers, scrap processors, and automotive parts recyclers and rebuilders, to maintain records of certain information on the acquisition and disposition of vehicles and parts.

Shortly after the rule was promulgated, plaintiffs brought an action for declaratory judgment and injunctive relief. This appeal followed a judgment for the plaintiffs. At issue here are the questions of (1) whether Rule 5—401A is unconstitutionally vague under the due process clauses of the Illinois Constitution and the fifth and fourteenth amendments to the United States Constitution, and (2) whether defendant exceeded his statutory authority in promulgating the rule.

Rule 5—401A states in pertinent part:

"Each person or firm licensed pursuant to Section 5—301 of the Illinois Vehicle Code is required to maintain for a period of three years subsequent to the acquisition, disposal, wrecking, rebuilding or scraping [sic] of vehicles or parts thereof, a uniform record of such transactions at his principal place of business. \*\*\*

1. Upon the Purchase, Receipt or Acquisition of Vehicles, Parts, Bodies or Engines, the following information must be recorded.

A. The name, address, and verification of same, of the person from whom acquired. Verification shall be by Driver's License, or if none, then State Identification Card, or if none, other reliable identification.

B. The date and type of acquisition (i.e. sale, exchange, etc.)

C. The purchase price and type of payment (check, cash, etc.)

D. A description of the vehicle or part, including:

1. The year, make and model;

2. Engine serial number if applicable;

3. Vehicle serial number if applicable;

4. The year, make, model and manufacturer's identification number of the vehicle from which the part was removed.

E. Any other identifying marks or numbers.

F. Documentary proof of ownership (e.g. title, notarized bill of sale, salvage certificate or junking title) and appropriate title number.

G. Whether any serial number or other identifying mark of the manufacturer or Secretary of State has been altered, defaced or removed.

2. It shall be the responsibility of every licensee hereunder to inspect every vehicle or part acquired. If there is any evidence that any serial number thereon has been removed, altered, defaced or destroyed, the licensee shall notify the Secretary of State.

3. Upon the sale, exchange or other disposition of vehicles, bodies, chassis, engines or parts, the following information must be recorded:

A. The name, and address of the person to whom sold or transferred;

B. The date and type of transfer; (i.e. sales, exchange, etc.)

C. The sales price and type of payment;

D. A description of the vehicle, body, chassis, engine or part including:

1. The year, make and model;

2. The engine serial number if applicable;

3. The vehicle serial number if applicable;

4. Any other identifying marks or numbers;

E. The title, salvage certificate, or junking title assigned, or other ownership document given.

4. 'Parts' shall include vehicle hulks, vehicle frames, and all essential parts and component parts as defined in

the Illinois Vehicle Code, such as clips, doors, fenders, differentials, frames, transmissions, etc. 'Parts' does not include carburetors, generators, radiators, steering wheels, etc."

Defendant contends that Rule 5—401A has sufficient certainty to afford plaintiffs due process. We note at the outset that administrative rules and regulations have the force and effect of law, and must be construed under the same standards which govern the construction of statutes. (*DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 485; 2 Am. Jur. 2d *Administrative Law* sec. 298 (1962).) Like a statute, an administrative rule or regulation enjoys a presumption of validity. *People ex rel. Colletti v. Pate* (1964), 31 Ill. 2d 354, 359.

To comport with due process, the language must be sufficiently certain to apprise those to whom it is directed of the duty imposed. (*Stein v. Howlett* (1972), 52 Ill. 2d 570, 579-80; *Jaffe v. Cruttenden* (1952), 412 Ill. 606, 609; *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567.) Where the words and phrases have a technical or special meaning commonly understood by those subject to the rule, the certainty requirement is satisfied. (*People ex rel. Spitzer v. County of La Salle* (1960), 20 Ill. 2d 18, 27; *Vallat v. Radium Dial Co.* (1935), 360 Ill. 407, 411-12.) To determine whether the language is sufficiently certain, we cannot and need not pass upon all hypothetical situations that may or may not arise. *Stein v. Howlett* (1972), 52 Ill. 2d 570, 580-81; *Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 458.

Plaintiffs cite the following words and phrases as vague: (1) "other reliable identification" contained in section 1—A; (2) "from which the part was removed" in section 1—D; (3) "[a]ny other identifying marks or numbers" in section 1—E; (4) "the licensee shall notify the Secretary of State" in section 2; (5) "[a]ny other identifying marks or numbers" in section 3—D(4); and (6)

"[p] arts" in section 4. With the aforementioned principles in mind, we have considered plaintiff's arguments relative to the asserted vagueness of phrases (1) through (5) above, and, without discussing each phrase separately, conclude that plaintiffs have not met their burden of establishing that the language is unconstitutionally vague.

Relative to the word "parts" in phrase (6), plaintiffs argue that they can only guess as to what items are to be included. "Parts," in section 4 of Rule 5—401A incorporates the statutory definitions of "essential parts" and "component parts." Section 1—118 of the Code defines "essential parts" as "[a]ll integral and body parts of a vehicle of a type required to be registered hereunder, the removal, alteration or substitution of which would tend to conceal the identity of the vehicle or substantially alter its appearance, model, type or mode of operation." (Ill. Rev. Stat. 1977, ch. 95½, par. 1—118.) Section 4—100 defines "component parts" as "[a]ny part of a vehicle, other than a tire, having a manufacturer's identification number or an identification number issued by the Secretary of State." (Ill. Rev. Stat. 1977, ch. 95½, par. 4—100.) It is evident that the "parts" covered by these definitions are those important to the *identification* of a particular vehicle, and not those which are merely incidental to its operability. Such parts presumably are within the special knowledge of those who, like plaintiffs, are in the automotive parts industry. Plaintiffs contend that, under the last sentence of the rule's section 4, it is unclear what parts are excluded from the record-keeping requirements. It is defendant's interpretation, however, that the exclusion was meant to encompass all parts other than "essential" and "component" parts. It is a court's task to construe a statute or rule, if consistent with the legislative intent, in a manner compatible with constitutional limitations. (*United States Civil Service Com. v. National Assocation of Letter Carriers* (1973), 413 U.S. 548, 571, 37 L. Ed. 2d 796, 812,

93 S. Ct. 2880, 2893.) We conclude, as did the defendant, that "parts," in section 4 of the rule, is intended to include only "essential" and "component" parts as defined in the Code. The language, in our opinion, is sufficiently clear and comprehensible to those in the trade.

In sum, taking into account the context in which each challenged word and phrase appears, we are of the opinion that the rule sufficiently informs those in plaintiffs' business of the records which they are required to keep, and that they are not, therefore, denied due process of law.

Defendant contends that he did not exceed his statutory authority in promulgating Rule 5—401A. Administrative rules and regulations must be authorized by statute. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 551.) Furthermore, a statute may not be altered or added to by the exercise of a power to make rules and regulations thereunder. *Ruby Chevrolet, Inc. v. Department of Revenue* (1955), 6 Ill. 2d 147, 151.

As stated, section 2—101 empowers defendant to administer chapters 2 through 9 of the Code. Section 2—104(a) (Ill. Rev. Stat. 1977, ch. 95½, par. 2—104(a)) also charges defendant with the duty of "observing, administering and enforcing" the same chapters. Section 2—104(b) further states:

> "The Secretary may from time to time make, amend, and rescind such rules and regulations as may be necessary in the public interest to carry out the provisions of this Act ***." (Ill. Rev. Stat. 1977, ch. 95½, par. 2—104(b).)

Rule 5—401A was patterned after section 5—401 of the Code, which sets forth certain record-keeping requirements for persons licensed under section 5—301 "in such form as the Secretary of State may by rule or regulation prescribe" (Ill. Rev. Stat. 1977, ch. 95½, par. 5—401). Plaintiffs argue that this quoted phrase restricts defendant from imposing on licensees record-keeping requirements for any items

other than those specifically enumerated in section 5—401; that, because some of the items that Rule 5—401A requires licensees to keep records of are not specifically included in section 5—401 of the Code, defendant has exceeded his statutory authority. As an example, plaintiffs point out that section 1—C of the rule requires licensees to record the purchase price and type of payment upon the acquisition of vehicles or parts, while section 5—401(a) of the Code is silent on these points.

The grant of powers to defendant in section 2—104(b) is couched in broad language. In interpreting this language to determine the scope of the grant, it is important to consider the purpose of the legislation. (See *Federal Trade Com. v. Mandel Bros.* (1959), 359 U.S. 385, 388-89, 3 L. Ed. 2d 893, 896-97, 79 S. Ct. 818, 821-22.) The predecessor of section 5—401 of the Code was section 14 of the Uniform Motor Vehicle Anti-Theft Act (Ill. Rev. Stat. 1955, ch. 95½, par. 87), the purpose of which was to facilitate the discovery and prevention of automobile thefts *(People v. Allen* (1950), 407 Ill. 596, 599, *cert. denied* (1951), 341 U.S. 922, 95 L. Ed. 1355, 71 S. Ct. 739). This court recognized at an early date the strong public policy in favor of preventing automobile thefts. *(People v. Billardello* (1925), 319 Ill. 124.) Rule 5—401A is consistent with and furthers the purpose of the statute, and is within the "public interest" as that term is used in section 2—104(b) of the Code. At the time the statute was enacted, the legislature could not realistically foresee and spell out in detail every specific piece of information that would be necessary or helpful to further the purpose of the statute. (See *American Trucking Associations v. United States* (1953), 344 U.S. 298, 309-10, 97 L. Ed. 337, 355, 73 S. Ct. 307, 314.) Nowhere in section 5—401 of the Code is there an indication that the items specifically listed were intended to be exclusive. Subsection (a)(1), for example, requires a record of a description of vehicles and

parts acquired by the licensee, *"including* numbers of or other marks of identification." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 95½, par. 5—401(a)(1).) Moreover, section 5—501(a)(6) of the Code provides that a license may be denied, revoked, or suspended if the licensee has "[f]ailed to file or produce for the Secretary of State any application, report, document or other pertinent books, records, documents, letters, contracts, required to be filed or produced under this Chapter *or any rule or regulation made by the Secretary of State pursuant to this Chapter."* (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 95½, par. 5—501(a)(6).) This provision reveals that the legislature contemplated that defendant may require records of information other than those items specifically enumerated in section 5—401.

Most of the information that Rule 5—401A requires licensees to record is specifically included in section 5—401 of the Code. The remaining informational requirements contained in the rule are merely incidental to or are otherwise in the same category as and similar to the statutory requirements. This is not the case of an administrative rule being in "clear contravention of the spirit and letter of the act" (*Ruby Chevrolet, Inc. v. Department of Revenue* (1955), 6 Ill. 2d 147, 151). We conclude, therefore, that the promulgation of Rule 5—401A was within defendant's delegated statutory authority.

For the foregoing reasons, the judgment of the circuit court is reversed.

*Judgment reversed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.