THE OFFICE OF THE COMPTROLLER, Appellant and Cross-Appellee, v. THE COMPTROLLER MERIT COMMISSION *et al.* (Marian Norris, Appellee and Cross-Appellant.)

Fourth District   No. 4—85—0670

Opinion filed May 1, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Patricia Rosen, Assistant Attorney General, both of Chicago, of counsel), for appellant.

Andrew J. Leahy, of Springfield, for appellee Illinois Comptroller Merit Commission.

Thomas J. Edstrom, of American Federation of State, County & Municipal Employees, of Springfield, for appellee Marian Norris.

JUSTICE GREEN delivered the opinion of the court:

On June 7, 1984, defendant Marian Norris sent a letter to defendant, Illinois Comptroller Merit Commission (Commission), stating that she should have been interviewed and considered by plaintiff, the office of the Comptroller (Comptroller), for the positions of account technician I and account technician II. The Commission then undertook an investigation of the matter and, on December 27, 1984, entered an order, stated to be entered pursuant to section 100.50 of the Commission rules (80 Ill. Admin. Code, ch. III, sec. 100.50 (1984)), directing that Norris should be appointed to a position of account technician I with back pay to begin with the first of the 1985 fiscal year (July 1, 1984).

On January 31, 1985, the Comptroller filed suit for administrative review in the circuit court of Sangamon County. That court affirmed the requirement for hiring but reversed the portion of the order requiring back pay. The Comptroller appealed to this court, and Norris and the Commission cross-appealed. The Comptroller contends that the Commission improperly rendered its decision after only an investigation, and that its decision was erroneous as a matter of law. Norris contends that she should have been awarded back pay, and the Commission contends that the circuit court lacked jurisdiction on administrative review because the order of December 27, 1984, was not final. See Ill. Rev. Stat. 1983, ch. 110, par. 2—101.

As we will explain, the question of whether the Commission's order of December 27, 1984, was final and that of whether the Commission improperly entered its order after only an investigation are intertwined. However, we hold that the December 27 order was final but that the Commission erred in entering the order after only an investigation rather than following the procedure designated by its own rules. Accordingly, we reverse the decisions of the trial court affirming in part and reversing in part and remand to the Commission with directions that it proceed according to its rules as will be explained. Notably, the posture of the case is in the same position it would have been in had we held that the circuit court lacked jurisdiction.

The Comptroller Merit Employment Code (Ill. Rev. Stat. 1983, ch. 15, par. 401 *et seq.*) provides for the existence of the Commission. Its

powers and duties include the approval of rules submitted by the Comptroller's director of personnel concerning "positions and employees" (Ill. Rev. Stat. 1983, ch. 15, par. 423). These rules may include those for promotions based on the applicant's "qualifications and performance record, seniority and conduct" (Ill. Rev. Stat. 1983, ch. 15, par. 427) and for original appointments from a list of eligibles based on examination scores (Ill. Rev. Stat. 1983, ch. 15, par. 428). Among these rules was section 100.50 which states:

"ORDERS OF COMPLIANCE

(a) The Commission may from time to time, review and investigate personnel policies, actions or activities and administrative practices to insure that they are in compliance with the Code. Such review and investigation will be utilized by the staff in rendering reports to the Commission.

(b) Findings by the Commission of probable discrepancies with respect to the Code or rules, when communicated in writing to the Director and the appropriate Department Head, are considered as an order to the Director either to correct the probable discrepancy or to furnish an explanation to support a conclusion that a probable discrepancy does not exist. If, within 30 days after receipt of such order, neither appropriate corrective action has been initiated nor a satisfactory explanation has been submitted by the Director, the Commission may record such violations in the Minutes of its meetings and take such other action as is appropriate to correct such violations." 80 Ill. Admin. Code, ch. III, secs. 100.50(a), (b) (1984).

■ The Commission contends that its order of December 27 was merely a finding of probable discrepancy as envisioned by section 100.50. The Commission points out that the Comptroller did file with it on January 25, 1985, a letter with supporting documents stated to be an explanation refuting the conclusions of the December 27 order. However, the order of December 27 was not couched in terms of a probable discrepancy but in terms that an impropriety had been found and corrective measures were ordered. It had all the appearances of a final order as contemplated by the last sentence of section 100.50. The Comptroller was uncertain as to how to proceed and first filed the letter and then filed a complaint for administrative review on January 31, 1985. We deem the filing of the complaint for administrative review to indicate a withdrawal of the January 25 letter. We hold that the December 27 order was final, and the circuit court had jurisdiction.

■ As we have indicated, the Comptroller is permitted to fill po-

sitions by promotion from within or on the basis of competitive examination scores. The parties agree that, at the time the account technician positions were filled, Norris was a probationary employee who had not held "certified status." Section 500.260 of the Comptroller's rules prohibited the *promotion* of such an employee. (80 Ill. Admin. Code, ch. III, sec. 500.260 (1984).) The Comptroller seems to take the position that, by the Commission order, the Commission has ruled that the prohibition against promoting such probationary employees is invalid. We cannot tell what the exact basis of the Commission ruling was. However, Norris' contention does not seem to dispute the validity of section 500.260 or the discretionary power of the Comptroller to decide whether to fill certain positions by promotion or from an open list based on competitive examination. Rather, her contention appears to be that using the promotion method here to fill the vacancies in question was a subterfuge to prevent her from getting one of the jobs and was a breach of discretion.

Much of Norris' case is based on the fact that she had received a grade of "A" on the competitive examination for the account technician positions while all of the employees who were eligible for promotion and who were interviewed had received lesser grades. The record also includes a memorandum from the executive director of the Commission to its members reporting that he had talked to the Comptroller's director of personnel who had told him that Norris' name was "on the eligibility list" for the account technician positions and she was entitled to an interview but had been sent no notice. Another memorandum from the executive director relates that Norris had told him that she had a conversation about her desire for the job with a person she believed to have political influence. In a subsequent memorandum, the executive director reported that the Comptroller's personnel director had told him that she had talked to this same person, and he had said Norris was satisfied with her present job. Norris also places reliance on a report from the personnel director which indicated that in the period from January 1 through July 16, 1984, the Comptroller's office filled 34 positions. Of the 25 positions to which promotions could be made, 15 were filled by promotion and only 3 were made from competitive examinations and, in these instances, there were no persons eligible for promotion.

If the foregoing information were properly presented, not refuted, and the only evidence available, we could not say that the decision of the Commission was contrary to the manifest weight of the evidence nor that its decision was arbitrary and unreasonable. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.*

(1981), 85 Ill. 2d 547, 426 N.E.2d 885; *Hargett v. Civil Service Com.* (1977), 49 Ill. App. 3d 856, 365 N.E.2d 213.) Accordingly, we cannot reverse the administrative decision in favor of Norris without remand.

The nature of the evidence that Norris relies upon to support her contention that the decision to fill the vacancies by promotion was a subterfuge and arbitrary and unreasonable is clearly the type of material that is appropriate for investigative purposes and not that upon which an administrative decision should be based. The Commission virtually admits this is true in its argument that the order of December 27 was not final. The Comptroller has had no chance to put on witnesses or to cross-examine those for the opposition. Comptroller's counsel may not even have seen some of the memoranda in the record relied on by Norris prior to the entry of the December 27 order. Clearly, section 100.50 entitled the Comptroller to a finding of "probable discrepancies," not couched in the form of a mandatory order, and an opportunity to explain. Section 100.50 has not been shown to be invalid. It had the force of law and the Commission was bound to follow it. *Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 387 N.E.2d 320.

■ The Comptroller did not waive his right to further administrative proceedings when he sought administrative review in the circuit court. The mandatory final nature of the December 27 order forced him to do so or risk waiver of that right. We regret the inconvenience to the parties brought about by our decision, but we cannot make a proper determination on the record before us. The decision of the circuit court of Sangamon County is (1) reversed to the extent that it affirmed the decision of the Commission; and (2) affirmed to the extent it reversed the decision of the Commission. The decision of that court denying the Commission's motion to dismiss for want of jurisdiction is affirmed. The case is remanded to the Commission for further proceedings in accordance with the views expressed herein.

Affirmed in part, reversed in part, and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.