LEMAR THOMAS, Plaintiff-Appellant, *v.* POLICE BOARD OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division) No. 79-1801

Opinion filed November 17, 1980.

John M. Burke, of Burke & Burke, Ltd., of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Chicago police officer Lemar Thomas was discharged after a hearing for violating Rule 2 of the Chicago Police Department. The trial court affirmed the decision of the Board. Thomas appeals.

On appeal, Thomas contends that (1) the decision of the Board is against the manifest weight of the evidence; (2) the police Board rule which he was found guilty of violating is unconstitutionally vague; (3) the Board improperly considered hearsay evidence; and (4) the penalty imposed was too severe.

We affirm in part, reverse in part, and remand with directions.

Lemar Thomas, a police officer with nine years' experience, was found guilty by the Chicago Police Board (the Board) of violating the following police department rule:

"Rule 2. Any action or conduct which impedes the department's efforts to achieve its policy and goals or brings discredit upon the Department."

Three witnesses testified at the hearing before the police Board. Basil Del Guidice, an officer assigned to the police department's internal affairs division, identified department records indicating the type of automobile owned by Thomas and the license plate numbers.

Raymond J. Bondurand, a court clerk in the multiple parking division record department, identified the contents of the court files on parking tickets issued to Thomas' car. One of the documents listed each of the 99 tickets issued to Thomas in 1975 and the license number of the auto to which the tickets were issued. He further identified a scofflaw warrant which was issued for Thomas' failure to pay the tickets. A warrant recall was issued upon the court's entry of a stay of mittimus to pay. The record also indicated that Thomas made a $500 payment on the fines imposed.

A second document listed each of the 75 parking tickets issued to Thomas' car in 1976. Writing on the face of the document indicated that the court entered a stay of mittimus to pay and imposed a $1,000 fine. A scofflaw warrant was also issued.

Bondurand also identified a computer print-out listing 27 parking tickets received by Thomas in 1977 and an abstract prepared by the circuit court clerk. The abstract, dated November 9, 1978, shows the amounts paid and due on the 1975 and 1976 tickets. Thomas had paid $865 and owed $2,135.

Sergeant John P. O'Donnell of the police department's internal affairs division testified that he spoke with Thomas on December 29, 1977. On

this day, he served the warrant issued for the 1976 tickets and gave Thomas a copy of the charges against him. O'Donnell met with Thomas again on January 12, 1978, at which time Thomas made a statement.

Thomas testified that he had knowledge of only 14 tickets in 1975, 10 in 1976 and 4 in 1977. His wife was responsible for the remaining tickets. Thomas further testified that he had not refused to pay the fines.

After the hearing, the Board found that Thomas had violated Rule 2 in the following respects:

> "(1) He was arrested on or about August 3, 1977 for failure to pay parking tickets received in 1975 and thereafter failed to pay the fine in full.
>
> (2) He was arrested on December 29, 1977, for failure to pay parking tickets issued in 1976.
>
> (3) He failed to pay or appear in court on parking tickets issued in 1977."

The Board further found that his conduct constituted cause for discharge.

Subsequently, Thomas filed a complaint seeking judicial review of the Board's decision. The court found that the charges and findings were supported by the evidence but did not agree that there was cause for discharge. However, it did not remand the case for the imposition of a lesser penalty, because it believed it did not have such authority.

First, Thomas argues that the finding of the Board is against the manifest weight of the evidence. Specifically he argues that there is no evidence that he was arrested and that he did not fail to pay the fines because he agreed to a payment plan.

We find that the only finding not supported by the record is that of Thomas' arrest for failure to pay the 1975 tickets. Although a warrant was issued, it was never executed and subsequently recalled. An arrest involves restraint of the person arrested. (*Village of Hoffman Estates v. Union Oil Co.* (1977), 56 Ill. App. 3d 52, 370 N.E.2d 1304.) Here, there is no evidence that Thomas was restrained.

The other findings of the Board are not against the manifest weight of the evidence. Sergeant O'Donnell served the second warrant on Thomas and Thomas in his statement given to O'Donnell, mentioned posting bond and surrendering the bond money as partial payment on the fine imposed for the 1976 tickets. The record also supports the Board's findings that Thomas failed to pay the fines in full.

■■ Thomas further argues that Rule 2 is unconstitutionally vague and that the court documents were improperly admitted. Neither issue is advanced with citations of authority. Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)) requires such citations in support of arguments. A failure to do so results in a waiver of the issue. (*In re*

*Hatfield* (1979), 72 Ill. App. 3d 249, 390 N.E.2d 453; *People v. Jimerson* (1979), 69 Ill. App. 3d 403, 388 N.E.2d 10.) Assuming that these issues are properly before us, we nonetheless find them without merit.

■■ In *Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 387 N.E.2d 320, *cert. denied* (1979), 444 U.S. 844, 62 L. Ed. 2d 57, 100 S. Ct. 87, the court enunciated the following principles regarding the construction of administrative rules and regulations:

> "[A]dministrative rules and regulations have the force and effect of law, and must be construed under the same standards which govern the construction of statutes. (*DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 485; 2 Am. Jur. 2d *Administrative Law* sec. 298 (1962).) Like a statute, an administrative rule or regulation enjoys a presumption of validity. *People ex rel. Colletti v. Pate* (1964), 31 Ill. 2d 354, 359.
>
> To comport with due process, the language must be sufficiently certain to apprise those to whom it is directed of the duty imposed. (*Stein v. Howlett* (1972), 52 Ill. 2d 570, 579-80; *Jaffe v. Cruttenden* (1952), 412 Ill. 606, 609; *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567.)" (75 Ill. 2d 53, 58, 387 N.E.2d 320, 323.)

We further note that one to whose conduct a rule or regulation clearly applies and who has received fair warning of the criminality of his conduct from the rule cannot successfully challenge it for vagueness. *Parker v. Levy* (1974), 417 U.S. 733, 756, 41 L. Ed. 2d 439, 457-58, 94 S. Ct. 2547, 2562.

Here, Rule 2 gives reasonable notice of the prohibited conduct. It forbids any action or conduct which would bring discredit on the department. The comment to Rule 2 provides, in part, that the rule "prohibits any and all conduct which is contrary to the letter and spirit of Departmental policy or goals or which would reflect adversely upon the department or its members. It includes * * * all unlawful acts by its members."

■■ Thomas' receipt of and failure to pay the numerous parking tickets was an unlawful act which brought discredit on the department whose duties include the enforcement of the city's parking ordinances. His conduct clearly falls within the category of acts prohibited by the department's rules and we therefore reject his challenge to the rule.

Thomas also contends that Bondurand's testimony regarding the court documents was hearsay because he was not the original entrant of the information. He therefore argues that the records were improperly admitted.

A witness may produce business records for admission into evidence

even though he is not the original entrant. (*Smith v. Williams* (1975), 34 Ill. App. 3d 677, 339 N.E.2d 10.) Anyone familiar with the records sought to be admitted and acquainted with the business and procedures may testify as to the records. *Central Steel & Wire Co. v. Coating Research Corp.* (1977), 53 Ill. App. 3d 943, 369 N.E.2d 140.

■■ Bondurand was a circuit court clerk obviously familiar with the records of the court. He testified that the records he brought were kept in the ordinary course of business and that it was the ordinary course of business to keep such records. The fact that he was not the original entrant does not affect the admissibility of the documents. Therefore, the court records were properly admitted and considered.

Finally, Thomas argues that the findings of the Board did not constitute sufficient cause for discharge. We agree.

A police officer may be discharged only for cause. (Ill. Rev. Stat. 1979, ch. 24, par. 10—1—18.1.) In discussing "cause" the court in *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, noted the following:

> "The courts have construed 'cause' to be some substantial short-coming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position. (*Coursey v. Board of Fire & Police Commissioners* (1967), 90 Ill. App. 2d 31, 37, 234 N.E.2d 339, 341; *Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 336 N.E.2d 573; *Kelly v. Police Board* (1975), 25 Ill. App. 3d 559, 563, 323 N.E.2d 624; *Fornuto v. Police Board* (1976), 38 Ill. App. 3d 950, 349 N.E.2d 521.) A board's decision as to the existence of cause will not be reversed as long as it is related to the requirements of the service and not so trivial as to be unrea-sonable." 40 Ill. App. 3d 436, 441, 352 N.E.2d 389, 394.

■■ Without condoning Thomas' conduct, we find that it was insufficient cause for discharge. His failure to make full payment on the parking tickets was not a substantial shortcoming which would seriously under-mine the discipline and efficiency of the department. Furthermore, his misconduct was not so significantly related to the performance of his police duties as to warrant discharge.

■■ We finally note that the trial court had authority to remand the case to the Board for imposition of a lesser sanction. The Board's finding that there is cause for discharge is subject to judicial review. (*Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 340 N.E.2d 560.) The circuit court may reverse and remand in whole or in part any finding of the Board pursuant to the power granted to it under section 12(1)(f) of the

Administrative Review Act. (Ill. Rev. Stat. 1979, ch. 110, par. 275.) The trial court, therefore, could have reversed the Board's finding of cause for discharge and remanded the case for further consideration by the Board.

For the above stated reasons, we reverse that part of the Board's decision as to Thomas' arrest for failure to pay the fines received in 1975 as against the manifest weight of the evidence; we affirm the Board's decision as to the remaining charges that Thomas was arrested for failure to pay the 1976 tickets and failed to pay the parking tickets issued in the years in question. Furthermore, we remand the cause to the circuit court of Cook County with directions that it remand the cause to the Board for the purpose of imposing a lesser sanction.

Judgment affirmed in part, reversed in part; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.