THE DEPARTMENT OF CORRECTIONS, Plaintiff-Appellee, v. THE ILLI-NOIS CIVIL SERVICE COMMISSION, Defendant-Appellee (Glenda Hunter, Defendant-Appellant).—GLENDA HUNTER, Plaintiff-Appellant, v. THE DEPARTMENT OF CORRECTIONS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—86—3599

Opinion filed August 9, 1989.

Steinberg, Polacek & Goodman, of Chicago (Bradley D. Steinberg, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karen S. Rosenwinkel, Assistant Attorney General, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Glenda Hunter, appeals from an order of the circuit court of Cook County remanding her case to the Illinois Civil Service Commission (Commission) for consideration of previously excluded testimony and from a separate order, affirming the decision of the Civil Service Commission, discharging her from service. On appeal, Hunter argues that (1) the circuit court erred when it remanded the case for consideration of previously excluded testimony because the meaning of a regulation is not a proper subject for expert testimony and the interpretation provided by the testimony was not in accordance with the plain meaning of the regulation's terms; (2) the circuit court erred in affirming the Commission's discharge decision since the plain meaning of Regulation 208 did not prohibit Hunter's conduct; and (3) the penalty of discharge is unreasonable, unjustly harsh, and unrelated to the needs of the Department of Corrections. We reverse and remand.

The following facts were revealed during the administrative hearing. On May 4, 1982, Hunter's employment with the Department of Corrections was terminated and she was charged with violation of the Department's Administrative Regulations 213, 208 and 107. The charges also alleged that Hunter's conduct was unbecoming a State employee and in violation of Department of Corrections policies. It

was alleged that Hunter violated these provisions when she accepted $3,000 from Willie Spears, a Cook County jail inmate.

Hunter met Spears in 1969 when she worked at St. Leonard House, a facility for ex-offenders. From 1971 to 1974, Hunter worked for the Department of Corrections as a counselor at the Duncan Halfway Community Center. While at Duncan, Hunter counselled Spears on employment and financial matters. At the Duncan Center, the counsel or position entailed, among other things, parolee interviews, job placement, the provision of transportation fees and referrals to resources for clothing. It was an accepted practice for Duncan counselors to visit former parolees who had returned to incarceration as well as to loan money or post bond for them.

After Hunter left the Duncan Center, Spears was never placed directly under her supervision. She was never his parole officer. However, Spears continued to call upon Hunter for assistance. Hunter provided bond fees on Spears' behalf in 1971, twice in 1972 and once in 1973. Hunter gave Spears clothing, and paid his rent and hotel expenses on a few occasions in 1974 and 1975. Hunter provided similar assistance to other parolees. No one ever advised her that this type of assistance was prohibited.

From 1974 to 1975, Hunter worked with the Adult Work Release Program. From 1975 until the time of her discharge, Hunter was employed as a parole counselor. In 1978, Hunter was assigned to the position of Parole Counselor III and assisted parolees in their transition from the institution to the community by counselling the parolees and their families and helping them obtain employment. As a parole officer, Hunter was required to come to the jail several times a week. Once or twice a month Hunter would see Spears when she was visiting her assigned parolees. Generally, Hunter would speak to Spears for 5 to 10 minutes in the same fashion that she spoke to him as his counselor at the Duncan Center. In May 1980, Spears was released from Cook County jail. His parolee status was terminated in July 1980.

In 1972, Hunter assisted Spears in obtaining an attorney for a matter which resulted in criminal and civil litigation. The civil rights action resulted in a substantial recovery to Spears. When Spears received his judgment, he authorized his attorney to tender $1,000 to Hunter as repayment for the total amount of money that she had advanced him over the years. The check was dated January 30, 1980, and stated that acceptance of the check constituted full settlement of all loans and monies advanced for bond on behalf of Willie Spears.

During one of Hunter's routine visits to Cook County jail, Hunter

and Spears discussed automotive difficulties that she was experiencing. Spears offered to loan her $2,000 for the automobile repair costs. After Hunter reviewed the regulations, she agreed to accept the loan. Spears instructed his attorney to lend Hunter $2,000. On March 19, 1980, Hunter received a $2,000 check from Spears' attorney and signed a receipt indicating that the transaction was a loan to be repaid without interest beginning in August 1980 at the rate of $25 per month.

The hearing officer determined that the $1,000 payment to Hunter constituted reimbursement and that the second payment of $2,000 constituted a loan. The hearing officer also determined that of the alleged charges, the $2,000 loan exceeded the boundaries of the professional relationship between the parties and as such was a violation of Regulation 213, the socializing provision. According to the hearing officer, neither the $1,000 reimbursement nor the $2,000 loan constituted a bribe, gift or gratuity in violation of Regulation 208. The hearing officer dismissed the Regulation 107 charge. Regulation 107 prohibited an employee from receiving any form of payment from any person or corporation doing business with the institution or with any resident. The hearing officer did not find that Hunter's conduct was unbecoming a State employee or that the money was lent with the expectation that Hunter would take certain action with respect to her official duties. The hearing officer found that Hunter was a 13-year employee of the Department of Corrections, who was highly valued by her superiors and had never received an oral warning or any type of discipline.

On October 19, 1983, the Illinois Civil Service Commission adopted the hearing officer's decision which determined that the amended charges against Glenda Hunter warranted a 90-day suspension. The Department of Corrections sought judicial review of that decision, alleging that the decision was contrary to the manifest weight of the evidence and the law as well as arbitrary, capricious and unrelated to the needs of State service.

The circuit court remanded the case to the Illinois Civil Service Commission for consideration of the previously excluded testimony of Harold Thomas, Superintendent of Adult parole. In an offer of proof, Thomas had testified that Regulation 208 and its terms, gift, bribe or gratuity should be interpreted as prohibiting the acceptance by employees of anything of value, including a loan. On remand, the hearing officer considered Thomas' testimony and again recommended to the Commission that Hunter receive a 90-day suspension. The Commission adopted the hearing officer's findings of fact, but reversed its

prior 90-day suspension decision and ordered Hunter discharged from her employment. The Commission found specifically that there was a reasonable and necessary basis for the regulation that prohibits parole officers from engaging in financial transactions with parolees.

Following administrative review, the circuit court affirmed the order of discharge, holding that whether or not the money advanced was a gift or a loan, the prohibition of accepting something of value applied and that Hunter's acts, "even if her characterization of them is accepted, show an intentional, calculated series of events amounting to financial entanglement and fraternization with the prisoner/parolee." This appeal followed.

Hunter argues that the trial court erred when it remanded the case for consideration of the previously excluded testimony because the receipt of expert testimony interpreting a regulation is improper as a matter of law. Moreover, Hunter argues that the interpretation given in the offer of proof and adopted by the Commission was not in accordance with the plain meaning of the regulation's terms. We agree.

■ Rules adopted by an administrative agency pursuant to statutory authority have the force of law and the administrative agency is bound by the rules. (*Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1047, 365 N.E.2d 261, 263; *Heifner v. Board of Education of Morris Community High School District No. 101* (1975), 32 Ill. App. 3d 83, 87, 335 N.E.2d 600, 603.) Statutory interpretation, however, is not a matter to which an expert witness is competent to testify. (*Christou v. Arlington Park-Washington Park Race Tracks Corp.* (1982), 104 Ill. App. 3d 257, 261, 432 N.E.2d 920, 924.) Nonetheless, the interpretation given by an administrative agency to its rules and regulations is entitled to deference and will not be overruled unless plainly erroneous. However, an agency's interpretation is not binding or conclusive on the courts. (*Chicago Transit Authority v. Industrial Comm'n* (1986), 141 Ill. App. 3d 930, 933, 491 N.E.2d 58, 60; *Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 286, 488 N.E.2d 639, 641; *Lipman v. Board of Review of the Department of Labor* (1984), 123 Ill. App. 3d 176, 180, 462 N.E.2d 798, 800; *Inwang v. Community College District No. 508* (1983), 117 Ill. App. 3d 608, 611, 453 N.E.2d 896, 899; *Heifner*, 32 Ill. App. 3d at 87, 335 N.E.2d at 604.) Rather, an agency's interpretation of a rule is considered persuasive. (*Inwang*, 117 Ill. App. 3d at 611, 453 N.E.2d at 899.) However, an agency has no power to misapply or extend an unambiguous rule through strained interpretation. (*Inwang*, 117 Ill. App. 3d at 612, 453 N.E.2d at 900.) Where the language of a statute is unambig-

uous and conveys a clear and definite meaning, a court has no right to look for or impose another meaning. *Roth v. Department of Public Aid* (1982), 109 Ill. App. 3d 457, 460, 440 N.E.2d 910, 913.

■ With respect to the case at bar, we find that Thomas' testimony interpreting the clear and unambiguous language of Regulation 208 and adopted by the Commission must be rejected as a matter of law as impermissible testimony and, as an erroneous interpretation of the regulation, not in accordance with the plain meaning of its terms. The terms of the regulation encompass only bribes, gifts and gratuities.

Secondly, Hunter argues that the circuit court erred in affirming the discharge decision of the Commission since the plain meaning of Regulation 208 did not prohibit Hunter's conduct. We agree.

Regulation 208 prohibits "the acceptance by employees of the Department of Corrections of bribes, gifts or gratuities from residents, their relatives or friends, or from anyone who has or expects to have business dealings with the Department." Regulation 208 further provides that the acceptance "of a bribe, gift or gratuity will result in discharge from employment and possible prosecution."

■ The hearing officer concluded that the transaction constituted a loan. Those findings and conclusions of fact must be considered *prima facie* true and correct and cannot be reversed unless against the manifest weight of the evidence or lacking substantial foundation in the record. (*Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 372, 498 N.E.2d 1148, 1153; *Heifner*, 32 Ill. App. 3d at 87, 335 N.E.2d at 603.) The hearing officer's findings of fact were well reasoned, not against the manifest weight of the evidence and, therefore, are adopted. Reviewing courts are not authorized to reweigh evidence or to make an independent determination of facts. (*Menning v. Department of Registration & Education* (1958), 14 Ill. 2d 553, 558, 153 N.E.2d 52, 55.) The hearing officer also found that the clear and unambiguous terms of the regulation did not include loans. Bribes, gifts, gratuities and loans are terms whose boundaries are understood by common parlance such that a person of ordinary intelligence would not consider the language bribe, gift or gratuity to encompass loan transactions. *United States v. Professional Air Traffic Controllers* (1st Cir. 1982), 678 F.2d 1, 3.

■ It is a cardinal rule of statutory construction that the expression of specific conduct in an enactment excludes conduct not expressly mentioned. (*Heifner v. Board of Education of Morris Community High School District No. 101* (1975), 32 Ill. App. 3d 83, 88, 335 N.E.2d 600, 604; *Shanahan v. Policemen's Annuity & Benefit Fund*

(1976), 43 Ill. App. 3d 543, 547, 357 N.E.2d 582, 585; *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 99, 199 N.E.2d 769, 786.) Stated differently, when a statute enumerates certain things, that enumeration implies the exclusion of all other things although there are no negative words of prohibition. *Roth v. Department of Public Aid* (1982), 109 Ill. App. 3d 457, 460, 440 N.E.2d 910, 913.

■ With respect to the case at bar, the Commission found that there was both a reasonable and necessary basis for "the regulation which prohibits parole officers from engaging in financial transactions with parolees." The unambiguous terms of the regulation prohibit bribes, gifts and gratuities and do not include loan activity. The trial court in its affirmance of the discharge stated that "whether or not the money advanced was a gift or a loan, the prohibition of accepting something of value still applied." Regulation 208 does not prohibit the acceptance of something of value. It specifically forbids bribes, gifts, and gratuities. Regulation 107 which Hunter was found not to have violated contains the broader language prohibiting an employee from accepting any fees or any form of payment from anyone having business with the institution. The words employed are to be given their plain meaning. A Board does not have the right to misapply an unambiguous rule. *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1048, 365 N.E.2d 261, 264.

Subsequent to the original decision of the Civil Service Commission of October 19, 1983, the Illinois Department of Corrections repealed Regulations 107, 213 and 208 effective August 1, 1984. The new regulation entitled "Socializing with Committed Persons" states in part that employees shall not socialize with or engage in business transactions with any committed person or a relative or known close associate. Since neither an agency nor a court has authority to misapply or extend an unambiguous rule through strained interpretation, we find the Commission's application, affirmed by the circuit court, of the unambiguous rule strained, erroneous, arbitrary and not in conformity with the regulation's plain terms.

■ Hunter also argues that the need for testimonial interpretation of Regulation 208 in an effort to apply the regulation to Hunter indicates that the rule is impermissibly vague and its application was in violation of due process. As previously stated, we find that the terms of Regulation 208 have plain and clear meaning, excluding from its scope loan activity. Accordingly, its terms are not vague. However, we agree with Hunter that a rule or regulation must provide fair notice of the prohibited conduct and find that Regulation 208 did not provide notice that loan activity was included within its purview.

*Thomas v. Police Board* (1980), 90 Ill. App. 3d 1101, 1104, 414 N.E.2d 11, 14.

At the time of Hunter's violation, the sanction for violation of the socializing provision was suspension and/or discharge. Subsequent amendments of that provision, as well as the bribes, gifts, and gratuities provision, provide that noncompliance may result in discipline.

■ Hunter asserts that the penalty provisions and her exemplary and otherwise unblemished record require a finding that her continuance in employment is not so detrimental to the discipline and efficiency of the service. We agree. The courts have construed cause to be some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for the employee no longer holding the position. See *Thomas v. Police Board* (1980), 90 Ill. App. 3d 1101, 1105, 414 N.E.2d 11, 15.

Without condoning Hunter's conduct, we find, as did the hearing officer, that the totality of her conduct is insufficient cause for her discharge. Having found that the agency's findings of fact as to a violation of the bribes, gifts and gratuities provision were against the manifest weight of the evidence and arbitrary, we further find in light of all the circumstances an insufficient basis for a finding of cause for discharge. See *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.

Accordingly, we reverse the circuit court's December 1986 order affirming the commission's discharge of Hunter and reverse the circuit court's January 1985 order remanding the cause for consideration of the previously excluded testimony. We remand with directions to reinstate the Commission's October 19, 1983, order suspending Hunter for 90 days.

Reversed and remanded with directions.

FREEMAN, P.J., and WHITE, J., concur.